CELIA MESSING, Appellant, *v.* SAMUEL MATTIKOW, Trading as INTERNATIONAL IMPORTING COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December, 1922.

**Practice — defendant sued by wrong name — answer — judgment by default — correction of name by motion — when default will not be opened.**

The court is without power to relieve a defendant from a judgment taken against him with his knowledge and upon his willful default even though it was occasioned by a mistaken belief as to the effect of the judgment.

The defendant " Samuel Mattikow " having been served with a summons directed to " Samuel Mathkone, doing business as International Importing Company," and containing a statement of the substance of the cause of action, appeared generally and served an answer containing a general denial and demanded a bill of particulars. At the trial judgment was taken against him by default due to his reliance upon the advice of counsel that a judgment could not be enforced against him. Thereafter, without notice to him, the summons and all subsequent papers in the action were amended by striking from the summons the name " Samuel Mathkone " and inserting in lieu thereof the correct name of defendant, without prejudice to proceedings already had. *Held,* that an order granting a motion to open the default and for leave to come in and defend the action on the merits, made after an execution had issued against the defendant, will be reversed and the motion denied, with costs.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, second district, entered in favor of defendant.

*Rabenold & Scribner (Samuel Miller,* of counsel), for appellant.

*Harry Zirn,* for respondent.

LEHMAN, J. On December 28, 1921, the defendant Samuel Mattikow was served with a summons directed to " ' Samuel ' Mathkone, doing business as International Importing Company." The summons contained a statement of the substance and nature of the cause of action. Apparently he did not regard the service of the summons as a nullity because addressed to a man of a different name, but filed through his attorney a notice of appearance and answer containing a general denial and a demand for a bill of particulars. The notice of appearance was signed by his present attorney as " attorney for defendant," without giving any notice that the summons incorrectly described the defendant. The defendant did not appear at the trial of the action on March 31, 1922, and judgment was taken by the plaintiff on default. On the 25th day of May, 1922, the plaintiff without notice to the defendant obtained an order amending the summons and all subsequent

papers in the action " by striking from the summons the name ' Samuel ' Mathkone where the same appears and inserting in lieu thereof the correct name of said party, to wit, Samuel Mattikow, as the defendant in this action without prejudice to the proceedings already had." In June, 1922, execution was issued against the defendant and on the 23d day of August, 1922, the defendant moved for an order opening his default and permitting him to come in and defend the action upon the merits. The trial justice granted the motion without terms or conditions, and the plaintiff has now appealed from this order.

The only fact which the defendant urged in his moving affidavits as an excuse or explanation for his default at the trial is, that he was advised by his attorney " that judgment could only be obtained against him under the name of Samuel Mathkone but not under the name of Samuel Mattikow and that the name could not be amended, and, therefore, said attorney advised deponent that he need not appear in court to defend the case on the merits, and deponent relied on his said attorney's advice as aforesaid, and did not defend the action in court on the merits."

In considering the effect of this allegation, we must bear in mind that this is not a case where a defendant failed to appear in court because he was advised that the summons was invalid or not intended for him. This defendant evidently did recognize that the summons was intended for him and did enter a general appearance in the action. Even now he claims the benefits of this appearance and urges that the order amending the summons and subsequent papers is invalid because he received no notice of any motion for this relief. He did not disclose to the court any claim of mistake in the summons and his default was due to the fact that he relied upon the advice of his attorney that a judgment could not be enforced against him. He chose to allow the plaintiff and the court to proceed upon the assumption that he did not desire to contest the plaintiff's claim at the trial, and six months thereafter, having apparently discovered that there was doubt as to the correctness of his attorney's advice, he asks to be permitted to come in and contest the plaintiff's claim against him.

The courts should be eager to protect a party who has been deprived of his day in court by mistake, inadvertence, surprise or excusable neglect, but in the present case, in my opinion, the defendant's default was due to his own willful act. He had appeared in answer to the summons and he does not claim that he did not know when the trial was to be held, but he was willing to have the court proceed in the action without his presence because he believed rightly or wrongly that such a course would not harm him. Under

these circumstances, it could not properly be said that the judgment was taken against him by his mistake for he must have known that a judgment would be taken against him and his " mistake," if any, related only to the effect of the judgment when taken. He has refused knowingly the opportunity which the law gave him to contest the plaintiff's claim at the trial and he is not entitled to another opportunity to litigate the issues in the action merely because he may have been mistaken as to the effect of the judgment entered on his default.

The court has power under section 108 of the Civil Practice Act to relieve a party from a judgment " taken against him through his mistake." It has no power to relieve a defendant from a judgment taken against him with his knowledge and upon his willful default even though such default was occasioned by a mistaken belief as to the effect of the judgment.

It is unnecessary upon this appeal to pass upon the right of the court to amend without notice a judgment after the defendant had appeared though he defaulted at the trial, for if such notice was necessary, the defendant still has the right to move to vacate the order, or if the order is jurisdictionally defective and entirely void, it may be disregarded. In no event can the entry of a subsequent order amending the judgment give the defendant the right to an order setting aside the original judgment. It follows that the order should be reversed, with ten dollars costs, and defendant's motion to set aside the judgment denied, with ten dollars costs.

McAVOY and WAGNER, JJ., concur.

Order reversed.